**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 10 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-10140 |
| Plaintiff-Appellee, | D.C. No. 2:12-cr-01385-SRB-1 |
| v. | |
| KIM MARIE DE LA ROSA, | MEMORANDUM* |
| Defendant-Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-10141 |
| Plaintiff-Appellee, | D.C. No. 2:12-cr-01946-SRB-1 |
| v. | |
| KIM MARIE DE LA ROSA, | |
| Defendant-Appellant. | |

Appeals from the United States District Court
for the District of Arizona
Susan R. Bolton, District Judge, Presiding

Submitted February 6, 2020**
Phoenix, Arizona

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: O'SCANNLAIN, GRABER, and HURWITZ, Circuit Judges.

Kim Marie De La Rosa appeals the district court's revocation of her term of supervised release and her 24-month custodial sentence. As the facts are known to the parties, we repeat them only as necessary to explain our decision.

I

The district court did not abuse its discretion in determining, by a preponderance of the evidence, that De La Rosa violated the condition of her supervised release requiring that she "reside and participate in Beautiful Beginnings, a residential care program providing mental health and substance abuse treatment or a similar program approved by your probation officer for 180 days unless discharged earlier by your probation officer." *See United States v. Lomayaoma,* 86 F.3d 142, 146 (9th Cir. 1996) (quoting 18 U.S.C. § 3583(e)(3)). It is undisputed that De La Rosa was unsuccessfully discharged from Beautiful Beginnings less than two weeks after her arrival. The record reveals that De La Rosa was discharged for ongoing noncompliance issues. It is also undisputed that De La Rosa failed to reside at an alternative treatment facility approved by her probation officer for the remainder of the required 180 days, thus violating a term of her supervised release. The district court did not abuse its discretion in so finding.

Nor did the district court plainly err in determining that revoking De La

2

Rosa's term of supervised release did not violate her right to due process. De La Rosa argues for the first time on appeal that requiring her, rather than her probation officer, to find an alternative treatment facility violated her right to due process and that she was not on notice that if she failed to find a suitable replacement facility her supervised release would be revoked. But nothing in the plain language of the condition requires the probation officer affirmatively to find another facility, only to *approve* one if the occasion arises. Furthermore, De La Rosa was orally advised of this condition by the district court, and she acknowledged her understanding of it with her initials and signature. The district court did not plainly err in determining De La Rosa violated this condition.

## II

The district court did not abuse its discretion in imposing the maximum statutory sentence of 24 months. *United States v. Musa,* 220 F.3d 1096, 1101 (9th Cir. 2000). Though De La Rosa argues the court did not provide any justification for its upward variance, the record is to the contrary. Specifically, the court noted that the Guidelines range does not take into account that this was De La Rosa's *second* violation of a condition of her supervised release. Moreover, the court explained that, in the past, De La Rosa had received lenient sentences, but she continued to violate the court's trust by breaching the court-imposed conditions. In light of this history, it was reasonable for the district court to impose an above-

Guidelines sentence.  *See Gall v. United States,* 552 U.S. 38, 51 (2007).

**AFFIRMED.**